| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO<br>1777 Sixth Street<br>Boulder, Colorado 80302<br>303-441-3750 | DATE FILED: October 22, 2019 10:13 AM<br>FILING ID: 6E351B57ED60A<br>CASE NUMBER: 2019CV31021 |
| Plaintiff:    NANCY LOZANO and MARCO TORRES<br><br>v.<br><br>Defendant:    CHAD PATRICK KELLY | |
| Attorney for Plaintiffs:<br>Name:       Joshua Maximon<br>            Mann & Maximon, LLC<br>Address:    900 Arapahoe Avenue<br>            Boulder, Colorado  80302<br>Phone No.:  303-991-2233<br>Fax No.:    303-991-1895<br>E-Mail:     jm@manmaxlaw.com<br>Atty Reg #: 33870 | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div.:         Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs Nancy Lozano and Marco Torres, by and through their attorney of record, Joshua Maximon, respectfully submit this Complaint and Jury Demand against the defendant, and as grounds state and allege the following:

## JURISDICTION AND VENUE

1.     Plaintiff, Nancy Lozano, was at all times relevant to this complaint, a resident of the State of Colorado.

2.     Plaintiff, Marco Torres, was at all times relevant to this complaint, a resident of the State of Colorado.

3.     Upon information and belief, defendant Chad Kelly is not a resident of the State of Colorado.

3.     Venue is proper because the defendant is not a resident, and this is the county designated in the complaint pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

4.     Plaintiffs incorporate by reference herein all previous paragraphs.

EXHIBIT 1

5. In the early morning hours of October 23, 2018, defendant Kelly entered plaintiffs Torres's and Lozano's home. He was not invited.

6. Mr. Kelly entered the residence through the back door.

7. Upon information and belief, the back door was locked prior to Mr. Kelly's uninvited entry.

8. When he illegally entered the residence, he was dressed in a costume as Woody from Toy Story.

9. Mr. Kelly proceeded through the residence where he approached Ms. Lozano. He sat down within inches of Ms. Lozano.

10. It was after 1:00 a.m. and Ms. Lozano was asleep on the couch. Her two-year-old son was near. She had been taking care of her son prior to Mr. Kelly entering the residence without permission.

11. Ms. Lozano had been caring for her two-year-old son who was sick.

12. The physical pressure of Mr. Kelly dropping himself on the couch right next to her moved her, woke her up, and startled her.

13. Ms. Lozano was terrified that the person next to her was not someone from her family and was instead a stranger.

14. It intensified the terror that the stranger was dressed in a costume and attempting to conceal his identity.

15. In the next room, Ms. Lozano's two other children and husband were sleeping.

16. Ms. Lozano screamed to her husband for help.

17. Mr. Kelly's movements and proximity put her in fear that he was going to touch her.

18. Her husband came to the living room.

19. Mr. Kelly refused to leave and became aggressive.

20. To protect his family, Mr. Torres grabbed a vacuum tube, which was the only item close by.

21. Chasing Mr. Kelly with the vacuum tube was the only thing that got Mr. Kelly to leave the residence.

22. Mr. Kelly threatened Mr. Torres and the family by saying that "I am going to come back and fuck you up."

23. Mr. Kelly attempted to strike and push Mr. Torres with his hands.

24. There was physical contact.

25. Later, outside, Mr. Kelly continued to threaten Mr. Torres and the family.

26. Mr. Torres went inside and called the police.

27. Ms. Lozano was hiding in a locked bathroom with her children until the police arrived.

28. Mr. Kelly was arrested for trespass.

29. Mr. Kelly pleaded guilty.

30. Plaintiffs have continued to suffer from this experience with anxiety, depression, terrors, nightmares, hypervigilance and fear.

## FIRST CLAIM FOR RELIEF
### (Assault)

31. Plaintiffs incorporate by reference herein the allegations contained in previous paragraphs.

32. Defendant intended to cause an offensive or harmful physical contact with the plaintiffs or intended to place the plaintiffs in apprehension of such a contact.

33. Defendant placed the plaintiffs in apprehension of immediate physical contact.

34. Defendant's contact and attempted contact was or appeared to be harmful and/or offensive.

35. As a result of defendant's harmful or offensive contact and attempted contact with the plaintiffs, plaintiffs suffered injuries, damages, and losses in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
**(Battery)**

36. Plaintiffs incorporate by reference herein the allegations contained in previous paragraphs.

37. Defendant intended to make a harmful or offensive physical contact with the plaintiffs or knew that he would probably make such contact.

38. Defendant knew or should have known that his actions would likely cause harmful or offensive contact with plaintiffs.

39. Defendant's acts resulted in physical contact with the plaintiffs.

40. Defendant's contact was harmful or offensive to plaintiffs.

41. As a result of defendant's harmful or offensive contact with plaintiffs, plaintiffs suffered injuries, damages, and losses in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress/Outrageous Conduct)**

42. Plaintiffs incorporate by reference herein the allegations contained in previous paragraphs.

43. Defendant engaged in extreme and outrageous conduct when he illegally entered plaintiffs' home at 1:00 a.m., sat next to Ms. Lozano, would not leave, attempted physical aggression and threatened plaintiffs.

44. Defendant engaged in such extreme and outrageous conduct recklessly or with the intent to cause plaintiffs severe emotional distress.

45. As a result of defendant's conduct, plaintiffs suffered severe emotional distress.

46. As a result of the severe emotional distress caused by defendant, plaintiffs suffered injuries, damages, and losses in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
**(Trespass)**

47. Plaintiffs incorporate by reference herein the allegations contained in previous paragraphs.

48. Plaintiffs were in lawful possession of their premises at their residence.

49. Defendant intentionally entered upon that property.

50. Plaintiffs did not consent to defendant's entry on the property.

51. Plaintiff suffered real, nominal, and consequential damages and personal injury in the form of discomfort, annoyance, sickness, inconvenience, use and enjoyment, and mental anguish.

52. Defendant intentionally committed a trespass and caused damages to the real and personal property of the plaintiffs, as well as economic, non-economic and impairment damages to plaintiffs.

### FIFTH CLAIM FOR RELIEF
### (Invasion of Privacy—intrusion upon seclusion)

53. Plaintiffs incorporate by reference herein the allegations contained in previous paragraphs.

54. Plaintiffs were in their residence at 1:00 a.m. sleeping and otherwise caring for their two-year-old son and other children.

55. Plaintiffs had a reasonable expectation of privacy in their home.

56. Defendant intentionally and physically intruded upon the plaintiffs' seclusion or solitude in their home.

57. Defendant's physical intrusion into their home would be considered offensive or objectionable by a reasonable person.

58. Plaintiffs suffered injuries, damages or losses.

59. Defendant was the cause in fact and proximate cause of plaintiffs' economic, non-economic and impairment damages.

### SIXTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

60. Plaintiffs incorporate by reference herein the allegations contained in previous paragraphs.

61. Defendant owes a duty not to enter another person's house intentionally, recklessly or negligently.

62. Defendant breached that duty by entering plaintiffs' residence.

63. Defendant was negligent.

64. Defendant's negligent conduct created an unreasonable risk of physical harm to plaintiffs.

65. Defendant's negligent conduct caused the plaintiffs to be put in fear of their own physical safety.

66. Plaintiffs suffered physical injury and were in the zone of danger created by the negligent conduct.

67. Plaintiffs' fear had physical consequences and long-continued emotional disturbance.

68. Plaintiffs' fear caused economic, non-economic and impairment damages.

69. Defendant was the cause in fact, direct cause, and proximate cause of plaintiffs' damages.

WHEREFORE, plaintiffs, respectfully request that this Court enter judgment in their favor and against the defendant in an amount which will fairly and reasonably compensate the plaintiffs for their injuries, damages and losses, including but not limited to economic, non-economic and impairment damages, real, nominal and consequential damages, plus interest from the date of the incident, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem appropriate.

DATED this 22nd day of October, 2019.

MANN & MAXIMON, LLC

By: /s/Joshua Maximon
Joshua Maximon, # 33870
Attorney for Plaintiff

PLAINTIFFS HEREBY REQUEST TRIAL TO A JURY OF SIX (6)
ON ALL ISSUES SO TRIABLE

Address of Plaintiffs:
3203 South Lincoln
Englewood, CO 80113