IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03396-CMA-KLM

NANCY LOZANO AND MARCO TORRES,

    Plaintiffs,

v.

CHAD KELLY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Amend Complaint and Add Punitive Damages** [#40][1] (the "Motion"). Defendant filed a Response [#47] in opposition to the Motion [#40], and Plaintiffs filed a Reply [#49]. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motion [#40] has been referred to the undersigned. *See Memorandum* [#42]. The Court has reviewed the briefs, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion is **GRANTED** [#40].

**I. Background**

On October 22, 2019, Plaintiffs filed the initial Complaint [#5] in the Boulder County District Court for the State of Colorado. The case was removed to the United States

---

[1] "[#40]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

District Court for the District of Colorado on December 3, 2019. *Notice of Removal* [#1]. Plaintiffs pursue six causes of action resulting from Defendant's actions on October 23, 2018. *See Compl.* [#5]. In related criminal proceedings, Defendant pled guilty to second degree criminal trespass. *Response* [#47-2] at 1.

During discovery in this case, Plaintiffs propounded interrogatories to gain more information about the representation made to the state court by Defendant's criminal attorney that Defendant believed he was visiting a friend in the neighborhood. *Reply* [#49] ¶¶ 9-11. On August 20, 2020, Defendant responded to these interrogatories but failed to sign the document with his responses. *Id.* ¶ 13. In part, he stated in the unsigned document that he did not confuse Plaintiffs' house for a friend's but rather was invited into the home. *Id.* ¶ 11.

Plaintiffs planned to inquire about this different story during a deposition of Defendant originally scheduled for November 13, 2020; however, "[d]ue to the COVID pandemic," the deposition was postponed until June 14, 2021. *Id.* ¶ 14. During this deposition, Defendant stated that he was, contrary to the impressions of multiple witnesses, not intoxicated when he entered their home at 1:11 AM on October 23, 2018. *Motion* [#40] ¶¶ 1, 8. He also restated the story disclosed In the unsigned interrogatory response. *Id.* ¶ 6; *Reply* [#49] ¶13.

On July 9, 2021, Plaintiffs filed the present Motion [#40], along with a proposed Amended Complaint [#40-4], seeking leave to add a claim for exemplary damages. *See Motion* [#40] at 1; *Am. Compl.* [#40-4] at 7. Three days later, on July 12, 2021, Defendant finally signed his August 20, 2020 discovery responses. *Reply* [#49] ¶ 13.

## II.  Analysis

The Court has discretion to grant parties leave to amend their pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  In diversity cases such as this, a motion to amend a complaint to add an exemplary damages claim is governed by Colorado state law.  *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995).  Specifically, the issue is governed by Colo. Rev. Stat. § 13–21–102, *see Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *1-2 (D. Colo. Jan. 17, 2007), which states that a claim for exemplary damages may not be included in any initial claim for relief and may only be added by amendment to the pleadings after initial disclosures are exchanged and "the plaintiff establishes prima facie proof of a triable issue."  Colo. Rev. Stat. § 13–21–102(1.5)(a).  Still, "the court may deny a motion to amend to add exemplary damages because of delay, bad faith, undue expense, or other demonstrable prejudice."  *Blatchley v. Cunningham*, No. 15-CV-00460-WYD-NYW, 2017 WL 4333992, at *3 (D. Colo. Mar. 29, 2017) (citing *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)).

**A.     Fed. R. Civ. P. 16(b)(4)**

A scheduling order deadline "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  The timeliness of a motion to amend can be understood through the explanation of the delay provided by the moving

party.  See *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)) ("[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'").

Defendant first argues that "Plaintiffs fail to show good cause" for filing a motion to amend after the expiration of the set pleading deadline.  *Response* [#47] at 6.  In this case, the deadline for seeking to amend pleadings was April 28, 2020.  *Scheduling Order* [#16] § 9(a).  Plaintiffs filed the present Motion [#40] on July 9, 2021, over a year later.  Plaintiffs assert that the deposition of Defendant was originally scheduled to occur on November 13, 2020, but, "[d]ue to the COVID pandemic, and special circumstances of defense counsel regarding people at risk within his house," it was rescheduled to June 14, 2021.  *Reply* [#49] ¶ 14.  Plaintiffs assert that new information was discovered during this deposition which demonstrates prima facie proof of willful and wanton conduct.  *Motion* [#40] ¶¶ 6-9.

Defendant claims that Plaintiffs knew this information in 2020.  *Response* [#47] at 6.  Specifically, he points to information within Defendant's Supplemental written discovery responses, which were served on August 20, 2020.  *Id.* at 4.  Plaintiffs counter that the referenced document was not signed until July 12, 2021, *after* the present Motion [#40] was filed.  *Reply* [#49] ¶ 13.  Plaintiffs further aver that, "[g]iven the statutory pleading requirement, the defendant's change in story, the failure to provide a signature page, the COVID 19 pandemic delay of the deposition, and the content of deposition testimony itself, this motion was made at the appropriate time . . . [and] satisfies any good cause requirement*."  Id.* ¶ 16.

The Court finds that Plaintiffs have adequately shown good cause for the delay in filing the Motion [#40]. Although it was filed over a year after the scheduled deadline, Plaintiffs have demonstrated their diligence in attempting to meet the deadlines. Plaintiffs sought information through interrogatories in August 2020, but Defendant failed to sign the document. *Reply* [#49] ¶ 13. Plaintiffs sought to depose Defendant in November 2020 but, given the significant impact of the COVID-19 pandemic, the deposition was rescheduled and taken on June 14, 2021. *Id.* ¶ 14. Plaintiffs filed the present Motion [#40] fifteen days after receiving the deposition transcript. *Id.* In light of these circumstances, the Court finds that Plaintiffs have met their burden of showing good cause under Fed. R. Civ. P. 16(b)(4) for extension of the deadline to amend pleadings.

**B.     Colo. Rev. Stat. § 13–21–102**

Plaintiffs seek to amend their Complaint [#5] to add a claim for exemplary damages. *Motion* [#40] at 1. Under Colorado law, a claim for exemplary damages is appropriate where "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13–21–102(1)(a).

Colo. Rev. Stat. § 13–21–102(1.5)(a) requires that a plaintiff seeking to add a claim for exemplary damages by amendment must "[establish] prima facie proof of a triable issue." Prima facie proof of a triable issue requires "a showing of reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp*, 172 P.3d at 449 (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 n.3 (Colo. 1980). Such proof is established through discovery or evidentiary means. *Id.* at 450. It is the jury who will decide the merits of an exemplary damages claim. *See id.*; *E & S Liquors, Inc. v. U.S.*

*Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2 (D. Colo. Mar. 26, 2009). At this stage in the litigation, a plaintiff should be granted "some leeway in establishing his prima facie case." *Leidholt*, 619 P.2d at 769.

Plaintiffs argue two factual bases for exemplary damages: (1) that the changing story of what happened that night "reveals malice and fraud on behalf of the defendant," *Reply* [#49] ¶ 12, and shows a "wanton disregard for the consequences of his actions," *Motion* [#40] ¶ 12, and (2) that Defendant's claim during the deposition that "he was not intoxicated on the night he entered [their] home" demonstrates that "he should have known his actions were wanton and reckless," *Motion* [#40] ¶¶ 8-9.

The Court rejects the Plaintiffs' first factual basis. The fact that Defendant's story regarding what happened on the night he entered their home has changed from the story given during his criminal trial is relevant to his behavior during the pendency of this action, not on the night when the alleged injuries occurred.[2] Thus, at this stage of the litigation, the Court is concerned only with whether the evidence, when viewed in the light most favorable to Plaintiffs as the moving party, is sufficient to establish a prima facie case of willful and wanton conduct. *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *4.

Willful and wanton conduct is defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without

---

[2] Colorado law provides that "the court may *increase* any award of exemplary damages . . . if it is shown that . . . the defendant has acted in a willful and wanton manner *during the pendency of the action* in a manner which has further aggravated the damages of the plaintiff when the defendant knew or should have known such action would produce aggravation." Colo. Rev. Stat. § 13–21–102(3)(b) (emphasis added). This provision allows a defendant's behavior during the pendency of a case to be considered in deciding the amount to award in exemplary damages, not in deciding whether a plaintiff may amend his pleading to include exemplary damages.

regard to the consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13–21–102(1)(b).  The Colorado Supreme Court has held that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met.  *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005).  Accordingly, in order to determine whether Plaintiffs may include a claim for exemplary damages, the Court must consider whether Plaintiffs have sufficiently alleged that Defendant was "conscious of his conduct and the existing conditions and knew or should have known that injury would result."  *Id.*

Defendant argues that Plaintiffs have failed to allege a prima facie case for exemplary damages.  *Response* [#47] at 2 ("Plaintiffs fail to show the requisite intent to support a claim of punitive damages.").  He further asserts, citing Col. Rev. Stat. § 13-21-102(1)(b), that claims for punitive damages must be proven beyond a reasonable doubt.  *Id.* at 6.  The Court rejects Defendant's second argument outright.  As stated above, the Court is concerned only with whether Plaintiffs' claim has a "reasonable likelihood" of being submitted to the jury, not whether the evidence proves willful and wanton behavior beyond a reasonable doubt, a standard for which Defendant provides no legal authority and for which the Court is aware of none.  *See Stamp*, 172 P.3d at 449 (quoting *Leidholt*, 619 P.2d at 771 n.3).  Col. Rev. Stat. § 13-21-102(1)(b), cited by Defendant, does not mention a "beyond a reasonable doubt" standard.

Plaintiffs have averred in the proposed Amended Complaint [#40-4] that Defendant acted purposefully and knew, or should have known, the consequences of his actions. Specifically, Plaintiffs allege that "Defendant intended to cause an offensive or harmful

physical contact with the plaintiffs or intended to place the plaintiffs in apprehension of such a contact." *Am. Compl.* [#40-4] ¶ 32. Plaintiffs further allege that "Defendant intended to make a harmful or offensive physical contact with the plaintiffs or knew that he would probably make such contact [and] knew or should have known that his actions would likely cause harmful or offensive contact with plaintiffs." *Id*. ¶¶ 37-38. Finally, Plaintiffs allege that "Defendant engaged in . . . extreme and outrageous conduct recklessly or with the intent to cause plaintiffs severe emotional distress." *Id.* ¶ 44. Plaintiffs make further allegations that Defendant refused to leave their house and "became aggressive.*" Id.* ¶ 19.

Plaintiffs' allegations are supported by evidence obtained during discovery. For example, Plaintiffs point to the deposition of Plaintiff Torres where he stated that Defendant "refused to get out" after being asked and threatened him, yelling that he was going to "come back" and that Plaintiff Torres was "going to see." *Depo. of Torres* [#49-2] at 3, 5. Plaintiffs also rely on Defendant's statements during his own deposition. When asked whether he was intoxicated the night he entered Plaintiffs' home, Defendant replied, "[n]ot really, no, sir." *Depo. of Kelly* [#40-2] at 2. Plaintiffs assert that this evidence demonstrating that he was not intoxicated shows that "he should have known that his actions were wanton and reckless." *Motion* [#40] ¶ 9.

Considering the allegations in the light most favorable to Plaintiffs, *E & S Liquors, Inc.*, 2009 WL 837656, at *2–3, the Court finds that Plaintiffs have adequately alleged that Defendant consciously and purposefully engaged in conduct a reasonable jury could find was wanton and reckless, or, at a minimum, reckless conduct without regard to the rights

of Plaintiffs, and that they have supported those allegations with adequate evidentiary support.  Colo. Rev. Stat. § 13–21–102(1)(b); *Coors*, 112 P.3d at 66.  As such, the Court finds that Plaintiffs have established a prima facie claim for exemplary damages, satisfying Colo. Rev. Stat. § 13–21–102(1.5)(a).  In short, Plaintiffs allege facts from which a reasonable factfinder could find that Defendant was "conscious of his conduct and the existing conditions and knew or should have known that injury would result."  *Coors*, 112 P.3d at 66.

Accordingly, the Court finds that Plaintiffs have met their burden under Colo. Rev. Stat. § 13–21–102 to add a claim for exemplary damages.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#40] is **GRANTED**.  The Clerk of Court shall accept the Amended Complaint [#40-4] for filing as of the date of this Order.

Dated: September 24, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge